UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3004 FMO | Date | May 26, 2016 |
|---|---|---|---|
| Title | In re Carlo Bondanelli | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Julieta Lozano | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Denying Motion to Seek Leave to File Interlocutory Appeal

Having reviewed and considered Peter Mastan's, the chapter 7 trustee ("trustee"), Motion for Leave to Appeal the Bankruptcy Court's Interlocutory Order Denying Summary Judgment (Dkt. 61, "Motion"),[1] the court concludes that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**INTRODUCTION**

On November 18, 2015, the trustee filed an adversary complaint against defendants Francesco Tieni ("Tieni") and an entity controlled by him, Ocean Park SRL ("Ocean Park") (collectively, "defendants") for a declaration that the chapter 7 bankruptcy estate ("estate") of Carlo Bondanelli ("debtor" or "Bondanelli") is the sole owner of New West TC, LLC ("New West") and for a permanent injunction preventing defendants from interfering in any way with New West. (See Dkt. 1, Chapter 7 Trustee's Complaint for Declaratory Relief and Permanent Injunction ("Adversary Complaint") at ¶¶ 43 & 46).

On January 15, 2016, the trustee filed a motion for summary judgment, (see Dkt. 11, Trustee's Motion for Summary Judgment ("MSJ")), contending that defendants are estopped by res judicata from claiming that they are the owners of New West, because defendants failed to raise their purported ownership of New West as a compulsory counterclaim in a prior lawsuit that debtor filed against defendants. (See id. at 11-14). The trustee further contends that even if defendants had raised their purported ownership of New West, defendants nevertheless waived those claims under the terms of the settlement agreement that resolved the prior lawsuit. (See id. at 14-17).

---

[1] All "Dkt." references are to Mastan v. Tieni, et al., Case No. AP 15-1611 (C.D. Cal. Bankr.), which is an adversary proceeding related to the Chapter 7 bankruptcy, In re Carlo Bondanelli, Case No. BK 14-27656 (C.D. Cal. Bankr.) ("Bankruptcy Action").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-3004 FMO** | Date | **May 26, 2016** |
|---|---|---|---|
| Title | **In re Carlo Bondanelli** | | |

After considering the parties' papers and hearing oral argument, (see Dkt. 61, Motion, Exhibit ("Exh.") 1, March 22, 2016 hearing transcript), the bankruptcy court denied the trustee's MSJ on the record, (see id. at 46-47), and in a written order filed on April 15, 2016. (See Dkt. 57, Bankruptcy Court's Order of April 15, 2016). At the hearing, the bankruptcy judge stated that she was "not convinced [defendants' purported ownership of New West is] a compulsory counterclaim." (Dkt. 61, Exh. 1 at 46-47). Rather, she found that "there's an issue of fact regarding ownership of New West[.]" (Id. at 46).

The trustee timely noticed his appeal on April 29, 2016, (see Dkt. 60, Notice of Appeal and Statement of Election), and filed the instant Motion. (See Dkt. 61, Motion).[2]

**STATEMENT OF FACTS**

In August 2004, debtor, defendants, and a third party (Alberto Curzi) agreed to undertake a real estate development project to rebuild or refurbish two contiguous lots in Santa Monica, California. (See Dkt. 61, Motion at 5). Debtor would serve as manager, and defendants and third party Curzi would loan the funds to acquire the lots and fund the project. (See id. at 5-6). Subsequently, New West was formed, and Tieni and Curzi loaned $1.12 million to New West. (See id. at 6). In October 2004, debtor caused New West to purchase the Santa Monica lots for $2.18 million, in which $886,000 of the $1.12 million loan was applied as a down payment. (See Motion at 6).

On June 26, 2012, debtor sued defendants for failure to provide the additional financing to complete the project. (See Dkt. 61, Motion at 6; Dkt. 13, Plaintiff Trustee's Request for Judicial Notice in Support of Motion for Summary Judgment ("RJN"), Exh. 1 ("2012 Complaint")). In the 2012 Complaint, debtor alleged that he "was the 100% owner of New West." (Id. at 4, ¶ 14). Defendants responded in their respective Answers that debtor "was not intended to be and has never been the 100% owner of New West[.]" (Id., Exh. 3 at 29, ¶ 14; id., Exh. 4 at 42, ¶ 14). Defendants did not file any counterclaims. (See Dkt. 13, RJN, Exh. 2) (docket to Bondanelli v. Ocean Part SRL, Case No. CV 12-7724 (GAF) (C.D. Cal.) ("2012 Action")).

On August 20, 2013, debtor sold the Santa Monica lots. (See Dkt. 61, Motion at 7). Eight days later, on August 28, 2013, the parties mediated their disputes and entered into a settlement agreement to resolve the 2012 Action. (See id.; Dkt. 13, RJN at Exh. 6). Pursuant to the settlement agreement, the parties agreed that "Plaintiff can sell/dispose of/transfer the real properties at issue (1332 & 1336 Ocean Park Blvd, Santa Monica, California 90404) as he pleases[,]" in consideration for $800,000 to defendants. (Dkt. 13, RJN, Exh. 5 at 1). Defendants agreed to "cooperate reasonably to effectuate [the sale of the Ocean Park properties], including

---

[2] The trustee also filed an amended notice of appeal on May 2, 2016. (See Dkt. 68, Amended Notice of Appeal and Statement of Election).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-3004 FMO** | Date | **May 26, 2016** |
|---|---|---|---|
| Title | **In re Carlo Bondanelli** | | |

transfer/sale/dissolution of New West[.]" (Id.). Also, "Defendants affirmatively represent[ed] that they ha[d] not sold/transferred or otherwise encumbered any interest in the company (New West LLC), and that they own 99% of this entity/company[.]" (Id. at 4).

Bondanelli never made the $800,000 payment to defendants. (See Dkt. 61, Motion at 8). On March 25, 2014, the district judge in the 2012 Action entered judgment against debtor in the amount of $804,000. (See id. at 8; Dkt. 13, RJN, Exh. 9 at 91). Six months later, on September 16, 2014, debtor filed his petition for bankruptcy. (See Bankruptcy Action (Dkt. 1, Voluntary Petition)). In that Voluntary Petition, debtor stated that defendants represented 93% of his unsecured claims. (See id. at 20) (Schedule F); (id. at 17) (Schedule D) (secured debt is only $6,000 in car payments).

At the March 22, 2016 hearing regarding the trustee's motion for summary judgment, the trustee did not dispute, (see, generally, Dkt. 61, Exh. 1), that defendants now represent 99% of debtor's unsecured claims. (See id. at 32 & 36).

**LEGAL STANDARD**

"The district courts of the United States shall have jurisdiction to hear appeals . . . with leave of the court, from other interlocutory orders and decrees[.]" 28 U.S.C. § 158(a)(3) (footnote omitted). While § 158(a)(3) and the Federal Rules of Bankruptcy Procedure do not provide guidance as to how courts should exercise their discretion to hear interlocutory appeals, "courts dealing with interlocutory appeals often emphasize that these appeals are generally disfavored and should only be granted where extraordinary circumstances exist which override the general policy against piecemeal litigation, or where ultimate determination of the entire litigation would be advanced." In re 450 S. Burlington Partners LLC, 2009 WL 2460880, *5 (C.D. Cal. 2009) (internal quotation marks omitted). "To determine when leave should be granted to appeal an interlocutory order under 28 U.S.C. § 158(a)(3), courts generally borrow the standards of 28 U.S.C. § 1292(b), which provides for discretionary review by circuit courts of certain interlocutory district court orders." Cal. Prac. Guide: Bankruptcy § 24:280, at 24-22 (The Rutter Group 2015) (citing Kontrabecki v. Oliner, 318 B.R. 175, 180 (N.D. Cal. 2004)). Under § 1292(b), granting leave to appeal is appropriate if: "[1.] the order involves a controlling question of law as to which there is a substantial ground for difference of opinion[; and 2.] an immediate appeal may materially advance the ultimate termination of the litigation." In re Sperna, 173 B.R. 654, 658 (B.A.P. 9th Cir. 1994); see Bullard v. Blue Hills Bank, 135 S.Ct. 1686, 1695 (2015) (interlocutory appeal pursuant to 28 U.S.C. § 158(a)(3) is appropriate when issue "present[s] a pure question of law" that has "divided bankruptcy courts" and is "important enough" to advance the litigation). The party pursuing the interlocutory appeal bears the burden of demonstrating that the statutory requirements are met. See McDonnell v. Riley, 2016 WL 613430, *4 (N.D. Cal. 2016) (citing Couch v. Telescope, Inc., 611 F.3d 629, 633 (9th Cir. 2010)) (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3004 FMO | Date | May 26, 2016 |
|---|---|---|---|
| Title | In re Carlo Bondanelli | | |

**DISCUSSION**

I.  SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION AS TO CONTROLLING QUESTION OF LAW.

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the [bankruptcy] court." In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981), case dismissed sub nom. Arizona v. U.S. Dist. Court for the Dist. of Arizona, 459 U.S. 961, 103 S. Ct. 285 (1982), and aff'd sub nom. Arizona v. Ash Grove Cement Co., 459 U.S. 1190, 103 S. Ct. 1173 (1983). The trustee characterizes the bankruptcy judge's findings as questions of law. (See, e.g., Dkt. 61, Motion at 11-16). However, the bankruptcy court found that "there's an issue of fact regarding ownership of New West," (Id., Exh. 1 at 46), and based on the court's review of the record, the court agrees.[3] The 2012 Action concerned defendants' financing of the real estate development project rather than the ownership of New West. (See Dkt. 13, RJN at Exh. 1 (2012 Complaint)). In the settlement agreement, defendants agreed to "cooperate reasonably to . . . transfer/s[ell]/dissol[ve] New West[,]" if necessary to effectuate the sale of the underlying real property. (Dkt. 13, RJN, Exh. 5 at 1). In other words, under the terms of the settlement agreement, debtor knew that he did not own New West outright; rather, he needed defendants' cooperation to transfer, sell, or dissolve that entity. Debtor's acknowledgment of defendants' ownership interest is underscored by the fact that the same settlement agreement states, "Defendants affirmatively represent that they have not sold/transferred or otherwise encumbered any interest in the company (New West LLC), and that they own 99% of this entity/company[.]" (Id. at 4). In short, "[t]he underlying issue of whether [debtor] has presented sufficient evidence to show a genuine issue of material fact, and thus avoid summary judgment under Fed. R. Civ. P. 56(c), is not a question of law within the meaning of § 1292(b)" or 28 U.S.C. § 158(a)(3). McDonnell, 2016 WL 613430, at *4 (internal quotation marks, brackets, and other alterations omitted). Thus, given the factual inquiry needed to resolve the trustee's appeal, the trustee has not shown that this appeal involves a controlling question of law.

II.  MATERIALLY ADVANCE ULTIMATE TERMINATION OF THE LITIGATION.

The second factor in determining whether to hear an interlocutory appeal is whether an immediate appeal "may materially advance the ultimate termination of litigation." In re Sperna, 173 B.R. at 658. This factor is met when resolution of the controlling question of law "may appreciably shorten the time, effort, or expense of conducting a lawsuit." In re Cement Antitrust Litig., 673

---

[3] The trustee spends a good portion of his papers arguing that the judgment entered in the 2012 Action was a final judgment on the merits that resolves a number of legal and factual issues (e.g., defendants are precluded from claiming an ownership interest in New West). (See Dkt. 61, Motion at 12-13). However, the judgment simply enforced the terms of a settlement agreement, pursuant to Cal. Civ. Code § 664.6. (See Dkt. 13, RJN, Exhs. 9 & 10).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3004 FMO | Date | May 26, 2016 |
|---|---|---|---|
| Title | In re Carlo Bondanelli | | |

F.2d at 1027.  The trustee has not demonstrated that hearing his appeal would advance the adversary proceeding, because the outcome of that proceeding depends on factual disputes regarding the terms of the settlement agreement, which are matters to be determined at trial in the bankruptcy court.

## CONCLUSION

**This Order is not intended for publication.  Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1.  The trustee's Motion for Leave to Appeal the Bankruptcy Court's Interlocutory Order Denying Summary Judgment (**Document No. 61**) is **denied**.

2.  The Clerk shall provide a copy of this Order to the Clerk of the Bankruptcy Court for filing in the matter of <u>Mastan v. Tieni, et al.</u>, Case No. AP 15-1611 (C.D. Cal. Bankr.).

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | jloz |